IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MAURICE WOODSON,

    Plaintiff,                    No. CIV S-11-2477 MCE DAD P

    vs.

MASTERSON et al.,

    Defendants.           <u>ORDER</u>

                                   /

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the court will grant plaintiff's request for leave to proceed in forma pauperis.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison trust

1

account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic,

550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**PLAINTIFF'S COMPLAINT**

In the present case, plaintiff has identified as defendants Officer Masterson, Appeals Coordinator Daily, Captain Mini, Warden Virga, and Chief of the Inmate Appeals Branch Foston.  In his complaint, plaintiff alleges that the defendants have improperly labeled

him a Crip gang member and placed him on lockdown with Crips or other alleged Crips. Plaintiff also alleges that the defendants have improperly "screened out" his inmate appeals complaining about them labeling him a Crip gang member. In terms of relief, plaintiff requests declaratory relief, injunctive relief and monetary damages.

## DISCUSSION

The allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

In any amended complaint, plaintiff must allege facts demonstrating how the conditions complained of resulted in a deprivation of plaintiff's federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Plaintiff must also allege in specific terms how each named defendant was involved in the deprivation of his rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

If plaintiff elects to pursue this action by filing an amended complaint, he must clarify what constitutional or federal statutory right he believes each defendant has violated and support each claim with factual allegations about each defendant's actions. To the extent that

plaintiff wishes to proceed on a Fourteenth Amendment due process claim in connection with the defendants labeling him a Crip gang member, he is advised that a prison official's decision to validate him as a gang member only needs to be supported by "some evidence." See Superintendent v. Hill, 472 U.S. 445, 455 (1985); Bruce v. Ylst, 351 F.3d 1283, 1287 (9th Cir. 2003). In addition, prison officials are only required to provide the prisoner with adequate notice, an opportunity to present his views, and periodic review. See Toussaint v. McCarthy, 801 F.2d 1080, 1100-01 (9th Cir. 1986), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472, 481-84 (1995). To state a cognizable due process claim in any amended complaint, plaintiff will need to allege facts explaining how defendants' conduct failed to satisfy these Fourteenth Amendment standards.

In addition, to the extent that plaintiff wishes to proceed on a claim against defendants for the way in which they handled his inmate appeals, he is advised that prison officials are not required under federal law to process inmate grievances in a specific way or to respond to them in a favorable manner. It is well established that "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). See also, e.g., Wright v. Shannon, No. CIV F-05-1485 LJO YNP PC, 2010 WL 445203 at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); Walker v. Vazquez, No. CIV F-09-0931 YNP PC, 2009 WL 5088788 at *6-7 (E.D. Cal. Dec. 17, 2009) (plaintiff's allegations that prison officials failed to timely process his inmate appeals failed to a state cognizable under the Fourteenth Amendment); Towner v. Knowles, No. CIV S-08-2833 LKK EFB P, 2009 WL 4281999 at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff's allegations that prison officials screened out his inmate appeals without any basis failed to indicate a deprivation of federal rights).

/////

1         Plaintiff is informed that the court cannot refer to a prior pleading in order to
2 make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
3 complaint be complete in itself without reference to any prior pleading.  This is because, as a
4 general rule, an amended complaint supersedes the original complaint.  See <u>Loux v. Rhay</u>, 375
5 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
6 longer serves any function in the case.  Therefore, in an amended complaint, as in an original
7 complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**CONCLUSION**

9         Accordingly, IT IS HEREBY ORDERED that:

10         1.  Plaintiff's application to proceed in forma pauperis (Doc. No. 9) is granted.

11         2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
12 Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.
13 § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the
14 Director of the California Department of Corrections and Rehabilitation filed concurrently
15 herewith.

16         3.  Plaintiff's complaint is dismissed.

17         4.  Plaintiff is granted thirty days from the date of service of this order to file an
18 amended complaint that complies with the requirements of the Civil Rights Act, the Federal
19 Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the
20 docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an
21 amended complaint in accordance with this order will result in a recommendation that this action
22 be dismissed without prejudice.

23 /////
24 /////
25 /////
26 /////

5. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

DATED: April 4, 2012.

                                              /s/ Dale A. Drozd
                                              DALE A. DROZD
                                              UNITED STATES MAGISTRATE JUDGE

DAD:9
wood2477.14